NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA): The ADA was amended, effective January l, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. However, these terms are redefined, and it is easier to be covered under the new law.

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA relatedpublications, available at http://www.eeoc.gov/laws/types/disability regulations.cfm.

"Actual" disability or a "record of" a disability (notc: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- The limitations from the impairm.cnt no longer have to be severe or significant for the impairment to bc considered substantiaiiy limiting.
  - In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), "major life activities" now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, en rine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an .rgan within a body system.
- Only one major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, the beneficial effects of "mitigating . measures" (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) are not considered in determining if the irapairment substantially limits a major life activity.
- An impairment that is "episodic" (e.g., epilepsy, depression, multiple sclerosis) or "in remission" (e.g., cancer) is a disability if it would be substantially limiting when active.
- An impairment may be substantially limiting even though it lasts or is expected to last fewer than six months.

"Regarded as" coverage:
- An individual can meet the definition of disability if an employment action was taken because of an actual or perceived impairment (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion foflfailurvto meet a qualification standard, harassmentö ordenial-of-any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively BOTH transitory (lasting or expected to last six months or less) AND minor.
  - A person is not able to bring a failure to accommodate claim if the individual is covered only under the "regarded as" definition of "disability."

Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis, " some courts require specificity in the complaint explaining how an impairment substantiallj limits a major life activity or whatfacts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish

disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at htt ://www.eeoc. ov/laws/ es/disabili re ulations.cfm.