IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02299-DDD-NRN

JOHN THOMAS MARTINEZ, JR.

Plaintiff,

v.

MILLION AIR MECHANICAL INC.,

Defendant.

---

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS (Dkt. #32)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This matter is before the Court pursuant to an Order (Dkt. #46) issued by Judge Daniel D. Domenico referring Defendant Million Air Mechanical, Inc.'s Motion to Dismiss. (Dkt. #32.) Plaintiff John Thomas Martinez, proceeding pro se,[1] filed a

---

[1] Because Mr. Martinez proceeds pro se, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (the court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

response in the form of a "Motion to Show Cause." (Dkt. #66.) He also filed numerous exhibits. (*See* Dkt. ##67 & 69.) No reply was filed. Now being fully informed and for the reasons discussed below, it is hereby **RECOMMENDED** that the subject motion (Dkt. #32) be **GRANTED**.

This is an employment discrimination and retaliation case. [2] Mr. Martinez alleges federal jurisdiction under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §§ 12101, *et. seq.* Mr. Martinez, who is of Hispanic origin and "straight," claims that Brent Chic, a manager at Million Air Mechanical, verbally harassed him by calling him a "beaner" and referring to him as "honey." Mr. Martinez further alleges that Brent Chic forced him to work after he was injured in a car accident on the job. This manager then lied to the unemployment and workers compensation divisions, allegedly ensuring that Mr. Martinez was denied benefits to both.

Million Air Mechanical now moves to dismiss, arguing that (1) Mr. Martinez did not timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and (2) that his Amended Complaint fails to state a claim for relief. Because the Court finds that Mr. Martinez did not exhaust his administrative remedies, it will limit its analysis to that issue.

To recover for employment discrimination under Title VII and the ADA, a plaintiff must first file a charge of discrimination with the EEOC within three hundred (300) days

---

[2] Unless otherwise noted, all non-conclusory allegations are taken from Mr. Martinez's Amended Employment Discrimination Complaint ("Amended Complaint") (Dkt. #14) and are presumed to be true for the purposes of this motion to dismiss. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

of the alleged discrimination. *See* 42 U.S.C. § 2000e-5(e)(1); *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018) (quoting § 2000e-5(e)(1), which governs ADA enforcement pursuant to 42 U.S.C. § 12117(a)). "A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter." *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 (10th Cir. 2004) (internal quotation marks omitted). "This individual filing requirement is intended to protect employers by giving them notice of the discrimination claims being brought against them, in addition to providing the EEOC with an opportunity to conciliate the claims." *Id.* at 1195.

The Tenth Circuit has recently clarified that a plaintiff's failure to exhaust administrative remedies is not a jurisdictional bar; it merely permits the employer to raise failure to exhaust as an affirmative defense. *See Lincoln,* 900 F.3d at 1185 (as applied to claims brought under the ADA); *Cirocco v. MacMahon,* 768 F. App'x 854, 858 (10th Cir. 2019) (failure to exhaust not a jurisdictional bar Title VII claims). Nevertheless, "[a]lthough failure to exhaust is now an affirmative defense, it may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint." *Cirocco*, 768 F. App'x at 858.

Here, in his Amended Complaint, Mr. Martinez affirmatively alleges that he filed a charge of discrimination with the EEOC and received a notice of right to sue. (Dkt. #14 at 6.) However, he did not attach a copy of the administrative charge. Instead, Million Air Mechanical attached the charge of discrimination to its Motion to Dismiss. (*See* Dkt. #32-1.) The Court may consider this document without converting the motion to dismiss to one for summary judgment because it is referred to in the Amended Complaint, it is

3

central to a Mr. Martinez's claims, and there is no dispute as to its authenticity. *See Cnty. of Santa Fe, N.M. v. Public Serv. Co. of N.M.*, 311 F.3d 1031, 1035 (10th Cir. 2002).

Mr. Martinez's EEOC charge was filed on March 2, 2021. (Dkt. #32-1.) In it, Mr. Martinez states that his employment with Million Air Mechanical was terminated on August 13, 2019. (*Id.*) Thus, the charge was filed 567 days after discharge. As the EEOC stated in its May 24, 2021 Dismissal and Notice of Rights (Dkt. #14-1), Mr. Martinez's "charge was not timely filed with the EEOC; in other words, you waited too long after the date of the alleged discrimination to file your charge."

Moreover, grounds for the failure to exhaust affirmative defense are apparent on the face of the Amended Complaint. The discrete events described in the pleading took place in 2019, including the car accident and Mr. Martinez subsequently being made to work with shoulder pain. Additionally, the above-mentioned EEOC dismissal of Mr. Martinez's charge, which was attached to the Amended Complaint, explicitly states that the charge was untimely. In his responsive filing, Mr. Martinez concedes that he was fired in August 2019. (Dkt. #66 at 2.) Accordingly, Mr. Martinez failed to comply with the requirements of 42 U.S.C. § 2000e-5(e)(1).

In his response, Mr. Martinez asks the Court for a "year extension with the EEOC and here with the federal courts" owing to the homelessness he experienced after he lost his job. Because the mandatory time limit for filing charges with the EEOC is not a jurisdictional prerequisite, the doctrines of waiver, estoppel, and tolling may apply when equity requires. *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1167 (10th Cir. 2007). "Equitable exceptions, however, have been narrowly construed." *Harms v. IRS*, 321
4

F.3d 1001, 1006 (10th Cir. 2003). The Tenth Circuit "has generally recognized equitable tolling of Title VII periods of limitation only if circumstances rise to the level of active deception which might invoke the powers of equity to toll the limitations period." *Montoya v. Chao*, 296 F.3d at 957; *see also Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1269 n.2 (10th Cir .1996) (noting in a Title VII case that "extraordinary circumstances" are "necessary to justify equitable tolling under established Tenth Circuit precedent."). "Equitable tolling may be appropriate where a plaintiff has been lulled into inaction by an employer's 'deliberate design . . . or actions that the employer should unmistakably have understood would cause the employee to delay filing his charge.'" *Al–Ali v. Salt Lake Cmty. Coll.*, 269 F. App'x 842, 847 (10th Cir. 2008) (quoting *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)). While the Court sympathizes with Mr. Martinez's predicament, he does not allege that Million Air Mechanical somehow prevented him from filing a timely charge, and his pro se status alone does not entitle him to equitable tolling. *See Castaldo v. Denver Pub. Sch.,* 276 F. App'x 839, 842 (10th Cir. 2008) (affirming district court's decision not to apply equitable tolling where the plaintiff was capable of navigating the administrative filing procedure but had done so too late and "had the ability to contact an attorney but elected not to do so").

Mr. Martinez did not file his charge of discrimination within the 300-day period prescribed by statute. Therefore, he did not properly exhaust his administrative remedies, and this case should be dismissed. Furthermore, this dismissal should be with prejudice. While dismissals based on failure to exhaust are usually without prejudice, *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009), the timeliness analysis above is functionally indistinguishable from a traditional statute of limitations

5

analysis, and it bars any future claim by Mr. Martinez seeking redress for employment discrimination and retaliation that took place in 2019. *Cf. Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1271 (10th Cir. 2001) ("Despite that 'without prejudice' label [affixed by the district court to a dismissal for failure to timely exhaust], in real world terms the dismissal was *with* prejudice because any attempt by Walker to refile her claims [with the EEOC] after the district court's order was issued would be out of time." (citation omitted) (emphasis in original)).

## CONCLUSION

In light of the foregoing, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss (Dkt. #32) be **GRANTED** and that Plaintiff's Amended Complaint (Dkt. #14) be **DISMISSED WITH PREJUDICE**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn***, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions.**

*Makin v. Colo. Dep't of Corrs.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

BY THE COURT:

Date: March 22, 2022
     Denver, Colorado

N. Reid Neureiter
United States Magistrate Judge